**UNITED STATES of America, Plaintiff–Appellee,**

**v.**

**Alan Craig RICHARDS, Defendant–Appellant.**

**No. 14–50547.**

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 21, 2015.[*]

Filed Sept. 25, 2015.

Jean–Claude Andre, Assistant U.S., Joey Lynn Blanch, Kevin M. Lally, Esquire, Assistant U.S., Office of the U.S.

Attorney, Los Angeles, CA, for Plaintiff–Appellee.

Elizabeth Richardson–Royer, Deputy Federal Public Defender, FPDCA–Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

Before: REINHARDT, LEAVY, and BERZON, Circuit Judges.

MEMORANDUM [**]

Alan Craig Richards appeals from the district court's judgment and challenges the 36–month sentence imposed upon revocation of supervised release. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Richards contends that the district court erred by failing to address his sentencing arguments and by improperly relying on the need to punish to impose sentence. We review for plain error, *see United States v. Valencia–Barragan,* 608 F.3d 1103, 1108 (9th Cir.2010), and find none. The record reflects that the court considered Richards' arguments before imposing sentence but simply found them unpersuasive. *See Rita v. United States,* 551 U.S. 338, 358–59, 127 S.Ct. 2456, 168 L.Ed.2d 203 (2007). The record also reflects that the district court did not base the sentence primarily on the need to punish. *See United States v. Simtob,* 485 F.3d 1058, 1063 (9th Cir.2007).

Richards next contends that his sentence is substantively unreasonable. The district court did not abuse its discretion in

[*] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

imposing Richards' sentence. *See Gall v. United States,* 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). The 36–month sentence is substantively reasonable in light the of the 18 U.S.C. § 3583(e) sentencing factors and the totality of the circumstances, including Richards' breaches of the court's trust. *See Gall,* 552 U.S. at 51, 128 S.Ct. 586; *Simtob,* 485 F.3d at 1062–63 (at a revocation sentencing, the district court can sanction a violator for his breach of trust).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.